CALVIN H. CUSHMAN and CHARLES R. CUSHMAN

v.

NEW ENGLAND FIRE INSURANCE CO.

CALEDONIA COUNTY, 1893.

Before:   TAFT, ROWELL, MUNSON AND START, JJ.

*Equity.   Reformation of insurance policy.   Misrepresentation of title.*

1.  Equity will not reform a contract of insurance which was induced by a misrepresentation as to the title of the property insured, although such misrepresentation was made innocently.

2.  A father and son lived together upon the same farm and each owned certain personal property upon the farm. The son, at the suggestion of the father, placed insurance upon the entire property in his own name. It was represented to the agent who took the application for insurance that there was an understanding between the parties that the whole property was to belong to the son after the death of the father, but the master failed to find the fact of such an understanding. *Held*, in a suit after loss in the name of father and son, that equity would not reform the policy so as to cover the property of the father.

Bill in equity to reform a policy of insurance. Heard at the December term, 1892, upon the report of a master. Ross, chancellor, decreed for the orator, reforming the policy in accordance with the prayer of the bill. The defendant appeals.

The orator Calvin, was the father of the orator Charles R., and they lived together upon, and carried on a farm near the village of St. Johnsbury. Each of the orators owned individually certain of the personal property on this farm, but it was understood that at the death of Calvin the entire property was to belong to Charles R.

The orators agreed to take out insurance upon this entire property in the name of Charles R., and he went to St. Johnsbury and consulted the defendant's agent for that purpose. As a result, a policy was made out in the name of Charles R. with the knowledge and consent of both the orators, and accepted by them.

Subsequently the property was destroyed by fire; whereupon the defendant offered to pay Charles R. for the property belonging to him, but declined to pay for that belonging to Calvin. This suit was brought to enforce payment for the entire property.

The orator claimed that Charles R. correctly represented the title to the defendant's agent, and obtained, as he supposed, a proper contract of insurance upon the whole property. As to this claim of the orators, the master reported:

" The orators request me to find that there was an understanding between themselves that said Charles R. was to have the property when the father was done with it, and an understanding between them that Charles was to get it all insured and in such a way that in case of its loss Charles was to have the insurance upon it all, and that this was so arranged for no fraudulent purpose but for a perfectly honest one.

"From the evidence in the case I am unable to find the first part of the orators' request, viz: That there was an understanding between the orators that Charles R. was to have the property when the father was done with it; but I do find that the said Moore at the time he insured said property understood that there was an understanding between the orators that Charles R., was to have the property after the death of his father, the other orator, and that because of this understanding he, the said Moore, insured said prop-

erty of the said Calvin H. in the same policy with property of the said Charles R., in the name of the said Charles R. alone; that said Moore knew that the company would refuse to write a policy in the name of one man when another man owned the property, but that he construed his understanding that the property of Calvin H. was to go to Charles R. on the death of Calvin H., as a present gift from Calvin H. to said Charles R."

*Bates & May* for the orators.

The knowledge of the defendant's agent as to the title of the property was the knowledge of the defendant itself.    R. L. s. 3,620; *Ring* v. *Ins. Co.*, 51 V. 563; *Mullen* v. *Ins. Co.*, 58 Vt. 113; *Carrigan* v. *Ins. Co.*, 53 Vt. 418.

It was agreed with the agent that this policy should cover the entire property and the contract should be reformed accordingly.    *Phœnix Ins. Co.* v. *Gurnee*, 1 Paige 278; *Mower* v. *Hutchinson*, 9 Vt. 242; *Beardsley* v. *Knight*, 10 Vt. 185; *Goodell* v. *Field*, 15 Vt. 448; *Taber* v. *Celley*, 53 Vt. 487; *McKenzie* v. *McKenzie*, 52 Vt. 271; *Freeman* v. *Curtis*, 51 Me. 240.

*Butler & Moloney* for the defendant.

The representations in the application upon which this policy was issued as to the title of the property are untrue and the policy by its terms is void.    Equity will not relieve against a party's own fault.    *Cleaver* v. *Traders' Ins. Co.*, 15 Am. St. Rep. 275; *Bishop* v. *Allen*, 55 Vt. 423; *St. Paul F. & M. Ins. Co.* v. *Sheaver*, 76 Iowa 283; *Boyce* v. *Louillard*, 55 N. Y. 242.

TAFT, J.    This bill seeks to reform a contract of insurance upon the ground that the contract expressed in the policy is not the one that was agreed upon by the parties. Some of the property which the orators claimed should have

been covered by the contract belonged to the orator Calvin and the remainder to the orator Charles, none of it was joint property. It was agreed that the property should be insured in the name of Charles alone for the reason that (as alleged in the bill) " the orator Calvin H. told the said Moore (defendant's agent) that he wanted it all insured in the name of his said son Charles R." The policy was therefore made in the name of the person that the contracting parties intended it should be ; that is, they agreed that the policy should issue in the name of the orator Charles R., and it was so done. There was no error in the name of the party to whom the policy was issued ; the parties did not intend to insure the property of Calvin in the name of Charles R., for the agent " knew that the company would refuse to write a policy in the name of one man when another man owned the property." The property was insured in the name of Charles, as the parties intended it should be, for the reason that it was represented to the defendant's agent by Calvin that the property was to be the property of Charles in the event of a loss and when the orator Calvin was done with it. The master fails to find this fact, although it is alleged in the bill and sworn to by the orator Calvin. The defendant's agent construed the representation of title as a vesting of it in Charles. If the representation had been true, the orator Charles might be entitled to recover upon the policy, but the master does not find that it was true, although he finds that it was made " in good faith without any intention to defraud." The representation related to the very essence of the transaction, the title of the property to be insured, a fact which lies at the basis of every contract of insurance. A court of equity will not reform a contract if its execution was procured by the false representations of the party who is seeking to have it corrected ; it will not order its specific performance. And this is the rule even if the party did not know of its falsity and had no intent to deceive ; nor does

his belief in its truth make any difference.   The question is,·
has the party been misled by a false representation calculated
to mislead him, and not the  existence of a fraudulent design
in the co-contractor.   The false  representation  must  relate
to the substance of the contract, its very essence, and in this
case it did so relate, viz : the title  of the  property  to  be in-
sured.   The contract having been induced by  the false rep-
.resentation of the orators they  are not  entitled  to the relief
prayed for.

   *Decree reversed and cause remanded with a mandate that
the bill be dismissed.*